Terry Budd (*Admitted Pro Hac Vice*)
BUDD LAW, PLLC
120 Lyndhurst Circle
Wexford, PA 15090
Telephone: 412.613.2541
terry.budd@buddlawglobal.com

Edward P. Sangster (SBN 121041)
Daniel W. Fox (SBN 268757)
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: 415 882 8200
Facsimile: 415 882 8220
edward.sangster@klgates.com
daniel.fox@klgates.com

Christopher M. Verdini (*Admitted Pro Hac Vice*)
Anna Shabalov (*Admitted Pro Hac Vice*)
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: 412.355.6500
Facsimile: 412.355.6501
christopher.verdini@klgates.com
anna.shabalov@klgates.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIGMA SOFTWARE GROUP USA, LLC,<br><br>                              Plaintiff,<br><br>          -against-<br><br>MALWAREBYTES INC.,<br><br>                              Defendant. | Case No. 5:17-cv-02915-EJD<br><br>**PLAINTIFF ENIGMA SOFTWARE GROUP USA, LLC'S OPPOSITION TO DEFENDANT MALWAREBYTES INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.    ISSUE TO BE DECIDED ..................................................................................1

III.    LEGAL STANDARD..........................................................................................1

IV.    ARGUMENT .......................................................................................................2

V.    CONCLUSION....................................................................................................5

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Better Homes Realty, Inc. v. Watmore,*

5
    2017 WL 1400065 (S.D. Cal. Apr. 18, 2017) ...................................................................3

6

*Blye v. Cal. Supreme Ct.,*
    2014 WL 295022 (N.D. Cal. Jan. 21, 2014) ....................................................................5

7

*Enigma Software Grp. USA, LLC v. Malwarebytes Inc.,*

8
    69 F.4th 665 (9th Cir. 2023) ............................................................................................4

9

*Evenchik v. Avis Rent A Car System, LLC,*

10
    2012 WL 4111382 (S.D. Cal. Sept. 17, 2012) .................................................................3

11

*Flick v. Liberty Mut. Fire Ins. Co.,*
    205 F.3d 386 (9th Cir. 2000) ...........................................................................................4

12

*Fraley v. Facebook, Inc.,*

13
    830 F. Supp. 2d at 785, 795 (N.D. Cal. 2011) ................................................................5

14

*Heidelberg USA, Inc. v. PM Lithographers, Inc.,*

15
    2017 WL 7201872 (C.D. Cal. Oct. 19, 2017) ..................................................................3

16

*Rivera v. Philip Morris, Inc.,*
    395 F.3d 1142 (9th Cir. 2005) .........................................................................................2

17

*Ruiz v. City of Santa Maria,*

18
    160 F.3d 543 (9th Cir. 1998) ...........................................................................................4

19

*Santa Monica Food Not Bombs v. City of Santa Monica,*
    450 F.3d 1022 (9th Cir. 2006) .........................................................................................4

20

*Spitzer v. Aljoe,*

21
    2016 WL 3275148 (N.D. Cal. June 15, 2016) .................................................................2

22

*Spy Optic, Inc. v. Alibaba.Com, Inc.,*

23
    163 F. Supp. 3d 755 (C.D. Cal. 2015) .............................................................................3

24

*Stitt v. S.F. Mun. Transp. Agency,*

25
    2013 WL 121259 (N.D. Cal. Jan. 8, 2013) .................................................................2, 5

26

*Victaulic Co. v. Tieman,*
    499 F.3d 227 (3d Cir. 2007) ............................................................................................3

27

28

ii

**Other Authorities**

Fed. R. Evid. 201 ...........................................................................................................2

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 5

OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
CASE NO. 5:17-CV-02915-EJD

1

**ESG'S OPPOSITION TO MALWAREBYTES' REQUEST FOR JUDICIAL NOTICE**

2      Plaintiff Enigma Software Group USA, LLC ("ESG") files this Opposition to Malwarebytes

3  Inc.'s ("Malwarebytes") Request for Judicial Notice ("RJN," Dkt. 179-1), in Support of its Renewed

4  Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure

5  12(b)(6) ("Motion," Dkt. 179).

6  **I.      INTRODUCTION**

7      Not content yet again to stick to proper Rule 12(b)(6) motion to dismiss procedures and to

8  argue the law on the basis of ESG's well-documented and well-pled factual allegations,

9  Malwarebytes instead files its ***third*** request for judicial notice in connection with a motion to

10  dismiss.  *See* Dkt. 98; Dkt. 147-12; Dkt. 179-1.  In doing so, Malwarebytes requests this Court take

11  judicial notice that a cherry-picked single post from years ago on the buried blog portion of

12  Malwarebytes' website supposedly constitutes a "disclosure" of Malwarebytes' reasons for

13  designating a webpage as "malicious" sufficient to negate the deceptiveness of Malwarebytes' false

14  designation and blocking of ESG's domains as "malicious" within its MBAM software product.  *See*

15  Dkt. 179 at 6, 15-16; Dkt. 179-1 at 2.  But Malwarebytes' submitted blog post cannot satisfy the

16  stringent requirements for judicial notice, because the supposed facts for which Malwarebytes offers

17  the post cannot be "accurately and readily determined from sources whose accuracy cannot

18  reasonably be questioned" and the blog post is irrelevant to the issues at hand.  Malwarebytes'

19  continued insistence on improperly injecting extrinsic evidence into the Rule 12(b)(6) context should

20  be rejected.  Thus, ESG opposes and respectfully requests that the Court deny Malwarebytes'

21  Request for Judicial Notice of Exhibit 1 (Dkt. 179-3) to the Declaration of Michael H. Todisco

22  ("Todisco Declaration," Dkt. 179-2).

23  **II.     ISSUE TO BE DECIDED**

24      Should the Court take judicial notice of a document that is irrelevant to ESG's claims and

25  that improperly attempts to add argumentative new "facts" to the record in violation of Rule

26  12(b)(6)?

27  **III.    LEGAL STANDARD**

28      The Court may judicially notice only "a fact that is not subject to reasonable dispute because

it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court may not "take judicial notice of any matter that is in dispute." *Spitzer v. Aljoe*, 2016 WL 3275148, at *1 (N.D. Cal. June 15, 2016). "The Ninth Circuit has indicated that ***judicial notice should only be taken sparingly, with caution, and after demonstration of a 'high degree of indisputability*.'" *Stitt v. S.F. Mun. Transp. Agency*, 2013 WL 121259, at *2 (N.D. Cal. Jan. 8, 2013) (quoting *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005)) (emphasis added). Moreover, "a court should only take judicial notice of those facts in the documents that are both undisputed and *relevant* to the issues presented in the motion to dismiss." *Id.* (emphasis in original).

## IV.   **ARGUMENT**

Malwarebytes characterizes Exhibit 1 to the Todisco Declaration as "a public webpage from Malwarebytes' website" that "explains Malwarebytes' 'Malicious Website Protection' protocol, including Malwarebytes' criteria for classifying a website or domain as 'malicious.'" Dkt. 179-1 at 2. In fact, the exhibit reflects a single obscure post on the blog portion of Malwarebytes' website, authored by an individual Malwarebytes employee, that provides a snap-shot perspective as of August 30, 2016 of certain elements of Malwarebytes' "Website Protection module." Malwarebytes does not, and indeed cannot, claim that the exhibit is its only website publication regarding the meaning and application of its "malicious website" designation. Nor does Malwarebytes explain how MBAM users to whom this blog post supposedly serves as a "disclosure" would actually have navigated to or located that particular post, let alone make any claims regarding how many MBAM users impacted by Malwarebytes' false designations and blocking of ESG's products and domains might have seen the supposed "disclosure" language in the blog post.

Exhibit 1, presented by Malwarebytes with its own self-serving advocacy spin (which ESG disputes), is not properly the subject of matter for judicial notice for three reasons.

***First,*** Exhibit 1 is not "generally known" and cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Malwarebytes offers a Malwarebytes-generated blog post as evidence of a communication it made to users regarding its use of the "malicious" website label and pretends its existence on a Malwarebytes

webpage alone entitles it to judicial notice.  RJN at Dkt. 179-1 at 2.  But "federal courts have hesitated to take judicial notice of information appearing on websites created and maintained by a party" for good reason.  *Heidelberg USA, Inc. v. PM Lithographers, Inc.*, 2017 WL 7201872, at *2 (C.D. Cal. Oct. 19, 2017); *see also Better Homes Realty, Inc. v. Watmore*, 2017 WL 1400065, at *3 (S.D. Cal. Apr. 18, 2017) ("Information on websites, especially a party's website, is often not considered an appropriate subject of judicial notice."); *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) ("[P]rivate corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007))); *Evenchik v. Avis Rent A Car System, LLC*, 2012 WL 4111382, at *1 (S.D. Cal. Sept. 17, 2012) ("Screen shots of web pages, especially because of the ever-changing content, are not typically the type of document containing facts, the accuracy of which is capable of ready determination.").

**Second**, Exhibit 1 is not relevant to ESG's claims.  A Malwarebytes blog post purporting to explain what Malwarebytes' "malicious" website label means has no bearing on the deceptiveness of Malwarebytes' in-app designations of ESG's domains.  As ESG explains in its Opposition to the Motion, an isolated blog post, entirely separate from where users see Malwarebytes' designations (within Malwarebytes' MBAM program, and with no link or cross-reference to any purportedly explanatory webpage, let alone this particular blogpost), cannot qualify as a disclosure sufficient to negate the deceptiveness of Malwarebytes' designations.  *See* Opp. at 14-16.  This is especially the case where there is no evidence whatsoever regarding user behavior, including, for instance, whether users confronted with MBAM designations leave MBAM and navigate to Malwarebytes' website to look for information about those designations, and if so, what percentage of users do so.

Critically, there also is no evidence in the record about how a user, once on Malwarebytes' website, would locate the blog post in question, whether there are other Malwarebytes website publications that contradict what the blog post supposedly "discloses" about Malwarebytes' use of the "malicious" designation, and, if so, whether users more likely to encounter those publications than the blog post on which Malwarebytes asks this Court to exclusively rely.

**OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**
**CASE NO. 5:17-CV-02915-EJD**

Even just a cursory search of the Malwarebytes website related to those questions reveals precisely why Malwarebytes' tactic of singling out just one blog post and asking the Court to draw significant factual inferences from it is so dangerously misleading.  If a user searches "malicious" using the search function on Malwarebytes' homepage, the user gets over 400 pages of results, with 10 results displayed per page.  www.malwarebytes.com/?s=malicious.  Yet the blog post reflected in Exhibit 1 does not appear anywhere in at least the first 10 pages of results, i.e. it is not in the top 100 Malwarebytes webpage hits for the search term "malicious."  Meanwhile, the second hit on the very first page of search results for that term is a Malwarebytes webpage titled "Malicious Website" that directly contradicts what Malwarebytes claims its Exhibit 1 blog post "discloses" to users about its "malicious" designation.  The "Malicious Website" webpage, whose existence Malwarebytes does not mention in its briefing, crisply explains that "***Malicious Website is Malwarebytes' generic detection name for websites that were found to be involved in malware campaigns***." www.malwarebytes.com/blog/detections/malicious-website (emphasis added).[1]  In other words, that Malwarebytes webpage, far more accessible and prominent than the blog post for which Malwarebytes seeks judicial notice, directly supports ESG's argument and the Ninth Circuit's holding that Malwarebytes' "malicious" label communicates "the identification of malware." *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 69 F.4th 665, 672 (9th Cir. 2023).  And in doing so, it debunks precisely what Malwarebytes claims its Exhibit 1 blog post demonstrates.

Because of the irrelevance and misleading nature of Exhibit 1, Malwarebytes' request for judicial notice is procedurally improper and should be denied.  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) ("We decline to take judicial notice of the two Staff Reports, as they are not relevant to the resolution of this appeal."); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.7 (9th Cir. 2000) ("[W]e deny such a request, because the historical statistics are not relevant to any issue on appeal."); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (refusing to take judicial notice of mayoral and city council election

---

[1] ESG makes reference to these search results and website solely to underscore why judicial notice of Malwarebytes' proffered Exhibit 1 would be improper.  If, however, the Court decides to take judicial notice of Exhibit 1, ESG respectfully submits that Court should also take judicial notice of the search results and "Malicious Website" webpage, both of which are likewise on Malwarebytes' website.

results because "those election results do not tell us if any of the winning candidates were Hispanic-preferred, the relevant issue in this appeal"); *Blye v. Cal. Supreme Ct.*, 2014 WL 295022, at \*1–2 (N.D. Cal. Jan. 21, 2014) (refusing to take judicial notice of documents made relevant only "by the argument presented in the request" and "through argument by analogy"); *see also Stitt*, 2013 WL 121259, at \*2 ("[A] court should only take judicial notice of those facts in the documents that are … *relevant* to the issues presented in the motion to dismiss.").

**Third**, contrary to Malwarebytes' contention, Dkt. 179-1 at 2-3, Enigma's Second Amended Complaint ("SAC," Dkt. 140) does not incorporate Exhibit 1 by reference.  Just because ESG made reference in the SAC to certain pages on the Malwarebytes website does not mean it **relied** on them.  Moreover, reference to a few webpages in a complaint cannot mean **every** page on a company's website over the course of the company's entire history becomes a proper subject of judicial notice. *See Fraley v. Facebook, Inc.,* 830 F. Supp. 2d at 785, 795 (N.D. Cal. 2011) (rejecting judicial notice where, *inter alia*, "Plaintiffs cite one excerpt from a Help Center page on Facebook's website in their SAC, … [but] it does not follow that a member would necessarily see the other Help Center pages Facebook submits").  Malwarebytes concedes that the specific blog post to which it points is not one to which the SAC expressly refers.  *See* Dkt. 179-1 at 2-3.

Ultimately Malwarebytes suggests that the Court should take judicial notice of Exhibit 1 for the sole reason that it supposedly contradicts ESG's factual allegations regarding Malwarebytes' false representations to consumers through its use of the "malicious" label.  *Id.*  That type of argument is precisely why judicial notice is disfavored.  If Malwarebytes disputes certain allegations made by ESG, those factual disputes should be settled through fulsome discovery, and not through an attempt to back-door cherry-picked, incomplete defense evidence on a Rule 12(b)(6) motion.

## V.   <u>CONCLUSION</u>

ESG respectfully requests that the Court deny Malwarebytes' RJN.

Dated:   November 17, 2023                    Respectfully submitted,

                              By:   /s/ Terry Budd
                                    Terry Budd (*Admitted Pro Hac Vice*)
                                    BUDD LAW, PLLC
                                    120 Lyndhurst Circle
                                    Wexford, PA 15090
                                    Telephone: 412-613-2541
                                    terry.budd@buddlawglobal.com

                                    Edward P. Sangster (SBN 121041)
                                    Daniel W. Fox (SBN 268757)
                                    K&L GATES LLP
                                    Four Embarcadero Center, Suite 1200
                                    San Francisco, CA 94111
                                    Telephone: (415) 882-8200
                                    Facsimile: (415) 882-8220
                                    ed.sangster@klgates.com
                                    daniel.fox@klgates.com

                                    Christopher M. Verdini  (*Admitted Pro Hac Vice*)
                                    Anna Shabalov  (*Admitted Pro Hac Vice*)
                                    K&L GATES LLP
                                    K&L Gates Center
                                    210 Sixth Avenue
                                    Pittsburgh, PA 15222
                                    Telephone: (412) 355-6500
                                    Facsimile: (412) 355-6501
                                    christopher.verdini@klgates.com
                                    anna.shabalov@klgates.com

                                    *Attorneys for Plaintiff*

---

6

**OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**
**CASE NO. 5:17-CV-02915-EJD**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF SERVICE

I certify that on November 17, 2023, the foregoing was filed electronically using CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Terry Budd*
Terry Budd

**OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**
**CASE NO. 5:17-CV-02915-EJD**